**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4292**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ROBERT WHITE, a/k/a Beanhead,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:16-cr-00453-GLR-20)

_____

Submitted: January 30, 2018                  Decided: February 23, 2018

_____

Before NIEMEYER, Circuit Judge, and HAMILTON and SHEDD, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stephen J. van Stempvoort, MILLER JOHNSON, Grands Rapids, Michigan, for Appellant. Patricia Corwin McLane, Assistant United States Attorney, Seema Mittal, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert White pled guilty to one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, 280 grams or more of cocaine base, five kilograms or more of cocaine, and detectable amounts of marijuana and oxycodone. Pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, White was sentenced to a term of 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether the district court erred in denying White's motion to withdraw his guilty plea. White was advised of his right to file a pro se supplemental brief, but has not done so.

We review the denial of a plea-withdrawal motion for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). Where the district court fully complied with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We have developed a nonexclusive list of factors for district courts to consider when deciding whether a defendant has met this burden:

2

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether [withdrawal] will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The first factor is perhaps the most important, as "the fairness of the Rule 11 proceeding is the key factor in the review of the denial of a motion to withdraw a guilty plea." *United States v. Wilson*, 81 F.3d 1300, 1306 (4th Cir. 1996).

With respect to the first *Moore* factor, we conclude based on our review of the record that the district court did not err in finding that White entered a knowing and voluntary plea.[*] Further, upon consideration, we find that the remaining *Moore* factors likewise weighed against allowing White to withdraw his plea. Accordingly, we find that the district court's denial of his motion was not an abuse of discretion.

Counsel also questions whether the court erred in failing to enter a written order on the docket denying White's motion to withdraw his guilty plea, and in failing to require the probation officer to submit the revised version of the presentence report at

---

[*] Counsel asserts on White's behalf that his guilty plea was involuntary and unknowing due to ineffective assistance of counsel. However, unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Upon review, we find that the instant claim is not cognizable on direct appeal.

least seven days before sentencing. *See* Fed. R. Crim. P. 32(g). Upon review, we find that any such errors were harmless. *See* Fed. R. Crim. P. 52(a).

In accordance with *Anders*, we have reviewed the record in this case and found no meritorious grounds for appeal. We accordingly affirm the district court's judgment. Counsel's motion to withdraw, as set forth in his brief, is denied at this stage of the proceedings. This court requires that counsel inform White, in writing, of his right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*